IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ALICE F. BUSH,

    Plaintiff,

vs.                                    CASE NO. 5:05cv205-RS/WCS

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and local rule 72.2(D).  It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

    Plaintiff, Alice F. Bush, applied for disability insurance benefits.  Plaintiff was 62 years old at the time of the administrative hearing, had a 12th grade education followed by two years of business school, and had past relevant work as a senior credit assistant for a paper company.  Plaintiff alleges disability due to a lack of feeling on her left side

due to a stroke.  The Administrative Law Judge found that Plaintiff cannot perform her past relevant work.  He found that she has the residual functional capacity to perform semi-skilled light and sedentary work and, thus, found her not disabled as defined by Social Security law.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must

be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Analysis**

Plaintiff contends that the Administrative Law Judge did not pose a proper hypothetical question to the vocational expert because the hypothetical did not account for all of her exertional and non-exertional impairments.  Doc. 21, p. 6.  Plaintiff

contends that the ALJ erred by not mentioning impairments of her lower left extremity, her experience of numbness, loss of balance, and 30 minute episodes of tingling two times a week, her inability to hold an item in her left hand without concentration, and the fact that she is taking Coumadin.[1]  *Id.*  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

This is essentially a claim that the ALJ's determination of Plaintiff's residual functional capacity is not supported by substantial evidence.  The ALJ found that Plaintiff has the residual functional capacity to perform work that does not involve lifting and carrying more than 10-15 pounds.  R. 20.  He found that Plaintiff can stand or walk at least two hours in an eight hour day, can stand for 20 minutes and walk for one mile, and can sit for six hours in an eight hour day.  *Id.*  He also found that Plaintiff is unable to do work involving repetitive handling, fingering, or feeling with her left non-dominant upper extremity.  *Id.*  He found that with these limits, Plaintiff can perform work on a sustained basis with normal breaks.  *Id.*

The ALJ used these limitations in the hypothetical he gave to the vocational expert, and added the limitations of "occasional imbalance" and sitting (at a time) for only 30 minutes.  R. 51-52.  The vocational expert said that with those limitations, such a person could do work as a C.O.D. clerk, directory assistance operator, and as food checker, and those jobs exist in substantial numbers in the national economy.  R. 53.  A finding of not disabled, therefore, was made.  R. 21.

---

[1] Coumadin is an anticoagulant.  PHYSICIANS' DESK REFERENCE (2005), available from Westlaw.

Plaintiff testified that she has no feeling on her left side.  R. 39.  She said that the muscles on her left upper and lower extremities are "okay," but because she has no feeling on that side, she must concentrate to hold something in her left hand.  R. 39.  She said that because she lacks feeling in her left leg, she must be careful not to injure her foot and said that this "throws me off balance a lot."  R. 40.

The ALJ acknowledged Plaintiff's need to concentrate to hold things in her left hand because he found that she was unable to do repetitive handling, fingering, or feeling with her left non-dominant upper extremity.  While he did not explicitly mention Plaintiff's left lower extremity, he noted occasional imbalance, but with the residual ability to stand for 20 minutes, walk one mile, and sit without difficulty.  Those findings account for Plaintiff's lower left extremity impairments and are supported by substantial evidence in the record.  Plaintiff said that although she had problems with walking, she could walk a mile and could stand for 20 minutes.  R. 45-46.  She said "I have no problem sitting."  R. 46.  Finally, Plaintiff has not pointed to any evidence in the record that use of Coumadin has prevented Plaintiff from performing basic work activities.  She testified that she does not experience side effects from her medications.  R. 49.

**Conclusion**

Thus, considering the record as a whole, the findings of the Administrative Law Judge are based upon substantial evidence in the record.  Accordingly, the decision of the Commissioner should be affirmed.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2006.

        s/    William C. Sherrill, Jr.
        WILLIAM C. SHERRILL, JR.
        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**